WeygaNdt, C. J.,
dissenting. On December 26, 1956, this court announced that it affirmed the judgment of the Court of Appeals.
Now a contrary decision of reversal is announced.
The basis for this change is said to be the discovery of a new theory — one which was not raised, considered or decided *201 previously by the lower courts or raised even in this court until an application for a rehearing was filed.
One of the elementary and cardinal principles of orderly procedure in the judicial review of lower court decisions is that, with the single exception of jurisdiction of the subject matter, a question must be raised below in order to afford the lower courts an opportunity to consider and decide it. There are several sound reasons for this universal rule. One is that in fairness a higher court should not reverse a lower one for something the latter did not do. Another reason for the rule is that the higher court and the litigants are entitled to 'the benefit of the reasoning and judgment of the lower tribunal on the question. A third reason is that an appellant is required to file assignments of error for the purpose of notifying opposing counsel and the reviewing court as to the specific mistakes allegedly made below.
In the instant controversy, counsel and the lower courts are agreed that the sole question raised below was a constitutional one. In his brief in this court, the appellant himself states that “inasmuch as the single question of law involved in this case is that of the meaning of Article XII, Section 5a, of the Ohio Constitution, a clear constitutional question is presented. * * * The basis for plaintiff’s objection to the expenditure of the ‘Highway Improvement Fund’ for studies relative to the proposed underground parking lot is Article XII, Section 5a, of the Ohio Constitution.”
In its opinion the Court of Common Pleas stated that ‘ ‘ this court’s legal question is relatively simple and direct: Would the contemplated expenditure (temporary as it may be) of money from the state’s ‘Highway Improvement Fund’ be illegal as violative of this constitutional limitation on the use of such money?”
And in the opinion of the Court of Appeals, it was said that, “in simple terms, the sole question for determination is whether studies and surveys in the furtherance of the construction of an off-street parking facility in the central part of the city of Columbus constitute proper objectives for which monies, subject to the limitations of Article XII, Section 5a, of the Ohio Constitution, may be expended.”
*202 Yet, in spite of these unambiguous consistent statements, the new majority opinion of this court holds (1) that no constitutional question is involved thereby requiring the concurrence of at least all but one of the judges for a reversal, and (2) that the new question can be raised, considered and decided in this court for the first time, thus reversing the lower courts on a matter they had no opportunity to consider or decide. It would seem that a most dangerous and confusing precedent is being established. In fact it marks a departure from the fundamental rule followed in the first decision of this court in this very case when it was said:
“It is contended also, for the first time in this court, that, if the act authorizing the construction of the underground parking lot (Sections 5538.01 to 5538.21 and 5538.99, Revised Code, 126 Ohio Laws, 12) is a highway measure, it is void because it violates Section 26 of Article II of the Constitution, which provides that ‘all laws, of a general nature, shall have a uniform operation throughout the state.’ Hixon v. Bur son, 54 Ohio St., 470, 43 N. E., 1000. Since this constitutional question was not raised in either the trial court or the Court of Appeals, it will not be considered by this court. Village of Clarington v. Althar, 122 Ohio St., 608, 174 N. E., 251; City of Grandview Heights v. Redick, Dir., 165 Ohio St., 326, 135 N. E. (2d), 267.”
Hence, the original judgment of affirmance should be permitted to stand, and this court should not reverse the lower courts on a new nonconstitutional question of mere statutory interpretation which could and should have been raised below and which avoids the sole question those courts were asked to decide.